USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 97-2219

 UNITED STATES,

 Appellee,

 v.

 DANIEL J. ORTIZ-MEDINA, A/K/A FLAT TOP, A/K/A FLAT, A/K/A DEINI,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 ____________________

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 ____________________

 Lydia Lizarribar-Masini on brief for appellant.
 Guillermo Gil, United States Attorney, Camille Velez-Rive and Nelson
Perez-Sosa, Assistant United States Attorneys, and Jose A. Quiles-
Espinosa, Senior Litigation Counsel, on brief for appellee.

 ____________________

 March 20, 1998
 ____________________

 Per Curiam. Upon careful review of the briefs and record,
 we perceive no merit in appellant's contentions. 
 The district court did not abuse its discretion in
 refusing appellant's request to withdraw his guilty plea. The
 district court weighed the proper factors and sensibly
 concluded that appellant had not shown a fair and just reason
 to withdraw the plea. That conclusion was well supported by
 appellant's answers during the regular plea colloquy, along
 with the testimony of appellant's former attorney. We cannot
 say that the district court was required to adopt appellant's
 subsequent, contradictory statements, which the district court
 found to lack credibility. See United States v. Marrero-
 Rivera, 124 F.3d 342, 347-48 (1st Cir. 1997).
 Further, the district court did not abuse its discretion
 in imposing a 2-level weapons enhancement under U.S.S.G. 
 2D1.1(b)(1). That enhancement was amply supported by the
 government's version of the facts as agreed to by appellant,
 along with other information about the reasonably foreseeable
 violent nature of the conspiracy. At sentencing, the district
 court was not required to allow appellant to attempt to impeach
 a particular co-defendant's prior testimony on that point. SeeFed. R. Crim. P. 32(c)(1).
 Affirmed. See 1st Cir. Loc. R. 27.1.